Imran Ansari (IA 1978)
Lawrence Spasojevich (LS 1029)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
T:      (212) 486-0011
*ls@aidalalaw.com*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

JON ROSATO,
*on behalf of himself and similarly situated individuals,*

|  |  |
|---|---|
|  | CASE NO. 1:19-cv-10559 |
| Plaintiff, | **COMPLAINT** |

-against-

THE CITY OF NEW YORK,

ECF Case,

Defendant.

---

Plaintiff, JON ROSATO, on behalf of himself and similarly situated individuals, by and through his undersigned attorneys, Aidala, Bertuna & Kamins, P.C., hereby files this Complaint against Defendant, THE CITY OF NEW YORK, and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff and similarly situated individuals are entitled to recover from Defendant: (1) unpaid wages, including wage benefits; (2) unpaid wages and wage benefits at the overtime rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.    Plaintiff further alleges the, pursuant to the New York Labor Law ("NYLL"), Plaintiff and similarly situated individuals are entitled to recover from Defendant: (1) statutory penalties; (2) prejudgment and post-judgment interest; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.    Plaintiff, JON ROSATO, is an adult resident of New York County, New York.

6.    Defendant is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). THE CITY OF NEW YORK has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

7.    At all relevant times, the work performed by Plaintiff and similarly situated individuals was directly essential to the business operated by Defendant.

## STATEMENT OF FACTS

8.    Plaintiff is employed by the Defendant as a building inspector and paid at an hourly rate.

9.    Such hourly rate also includes, but not limited to, the accrual of vacation time, service time, and pension contributions.

10.    As part of his duties, Plaintiff is instructed to drive throughout the Defendant and perform general and safety inspections of buildings.

11.    In the course of duties, Defendant mandated Plaintiff to use a Defendant-owned vehicle to drive from location to location; which the Plaintiff may be responsible for or subject to disciplinary proceedings if the vehicle sustained any damage or was stolen while in the custody of Plaintiff.

12.    At the beginning of his shift, Plaintiff would be assigned a vehicle at random, would use the vehicle to perform his duties, and then return the vehicle to the Defendant's garage at the end of the shift.

13.    Until January 2019, Plaintiff would be compensated for all hours worked; including the return of the vehicle to the Defendant's garage.

14.    In or about January 2019, Defendant informed Plaintiff that Defendant would no longer be paying Plaintiff for the return of the vehicle to the garage at the end of Plaintiff's shift.

15.    Instead, Defendant informed Plaintiff that Plaintiff could either drive the vehicle home, thereby causing Plaintiff to incur additional costs such as tolls and lengthening his commute, and return the vehicle to the garage in the morning or to street-park the vehicle which would expose the Plaintiff to potential discipline and costs.

16.    Due to the facts and circumstance as outlined above, Plaintiff continued to return the vehicle to the garage at the end of his shift and submit a timesheet reflecting the time from the beginning of shift to the vehicle's return.

17.    Even after enjoying the benefits of Plaintiff returning the vehicle, Defendant's response to Plaintiff submitting timesheets reflecting the above described work time was to not pay for any worktime reported after Plaintiff's last inspection.

18.    Therefore, Plaintiff did not receive any wage or wage benefits, whether the regular rate or overtime rate, for the time spent returning Defendant's vehicles.

19.    Upon information and belief, Defendant's policies to not pay for the return of Defendant's vehicles applied to all building inspectors in its employ.

20.    Therefore, Defendant knowingly and willfully operated with a policy of not paying Plaintiff and similarly situated individuals' wages, whether at the regular rate or overtime rate, in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

21.    Therefore, Defendant did not provide Plaintiff and similarly situated individuals with a wage statement or summary, accurately accounting for their actual hours worked, and setting forth their hourly rate of pay and overtime wages.

22.    Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

23.    Plaintiff and similarly situated individuals have been substantially damaged by the Defendant's wrongful conduct.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "23" of this Complaint as if fully set forth herein.

25.     The Plaintiff brings this FLSA Collective action on behalf of himself and all other persons similarly situated pursuant to §16(b) of the FLSA which provides, in pertinent part, "an action to recover the liability prescribed in either the preceding sentences may be maintained against any employer ... by one or more individuals for and in behalf of himself or themselves and other individuals similarly situated."

26.     The Collective Class consists of all current and former non-exempt, building inspectors who worked for Defendant from January 1, 2019 through the present who were not compensated for the return of a Defendant owned vehicle to the garage at the end of the shift.

27.     Section 13 of the FLSA, exempts certain categories of individuals from overtime pay obligations. None of the FLSA exemptions from overtime pay apply to the Plaintiff or to Collective Members.

## STATEMENT OF CLAIM

### COUNT 1

### [Violation of the Fair Labor Standards Act]

28.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "27" of this Complaint as if fully set forth herein.

29.     At all relevant times, Defendant employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

30.     Plaintiff and similarly situated individuals are entitled to be paid for all hours worked at the regular rate and at the overtime rate for all hours worked over forty (40) hours in week as provided for in the FLSA.

31.     Defendant failed to pay Plaintiff and similarly situated individuals' compensation in the lawful amount for all hours worked and at the overtime rate for all hours worked over forty (40) hours in week as provided for in the FLSA.

32.     At all relevant times, each of the Defendant had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals at the regular rate and at the overtime rate for all hours worked over forty (40) hours in week in a work week which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

33.     Defendant knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals for all hours worked at the regular rate and at the overtime rate for all hours worked over forty (40) hours in week when they knew or should have known such was due and that non-payment of the regular wage rate and overtime rate would financially injure Plaintiff and similarly situated individuals.

34.     Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

35.     Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals and the actual compensation paid to Plaintiff and similarly situated individuals are in the possession and custody of the Defendant. Plaintiff and similarly situated individuals intend to

obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36.    Defendant failed to properly disclose or apprise Plaintiff and similarly situated individuals of their rights under the FLSA.

37.    As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages pursuant to the FLSA.

38.    Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the regular rate and overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest thereon.

39.    Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Failure to provide Wage Statements]

40.    Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.    Defendant has willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

42.    Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with a wage statement as required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

43.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated individuals request that this Court grant the following relief:

(a)    An award of unpaid wages and wage benefits at the regular rate and the overtime wage rate due under the FLSA;

(b)    An award of liquidated damages as a result of Defendant's failure to pay wages and wage benefits at the regular rate and overtime wage rate pursuant to 29 U.S.C. § 216;

(d)    An award of statutory penalties as a result of Defendant's failure to provide accurate wage statements pursuant to the NYLL;

(e)    An award of prejudgment and post-judgment interest;

(f)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
        November 14, 2019

Respectfully submitted


By:_____/s/_____
        Lawrence Spasojevich (LS 1029)